# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON MICHAEL COBURN, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:20-1389 |
| v. | : | (JUDGE MANNION) |
| STEPHEN SPAULDING, Warden of FPC-Lewisburg, | : | |
| | : | |
| Respondent | : | |
| | : | |

## O R D E R

Pending before the court is the report of Magistrate Judge Karoline Mehalchick which recommends that the petition for writ of habeas corpus and the petitioner's motion for immediate action be denied and dismissed with prejudice. (Doc. 21). No objections have been filed to the report. Upon review, the report and recommendation will be adopted in its entirety.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges

should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

By way of background, the petitioner, an inmate at the Federal Prison Camp, Lewisburg, filed the instant action, *pro se*, pursuant to 28 U.S.C. §2241 in which he alleges that the Bureau of Prisons ("BOP") violated Section 706 of the Administrative Procedure Act ("APA") and violated his due process and equal protection rights when they denied his request for home confinement by means of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. (Doc. 1).

Upon completion of briefing, Judge Mehalchick considered the arguments raised both in support of and in opposition to the petition and determined that there were several bases upon which to deny or dismiss the petition. Initially, Judge Mehalchick determined that the petitioner was required to exhaust his administrative remedies prior to bringing the instant action, that he did not do so, and that he has failed to demonstrate a reason why his failure to exhaust should be excused. As such, Judge Mehalchick recommends dismissal of the petition on this basis.

To the extent that the petitioner challenges the BOP's denial of his request for home confinement under the CARES Act, Judge Mehalchick found that the authority to make a determination as to home confinement remains with the BOP and that the court lacks the power to release the petitioner on home confinement under the CARES Act. Given this, Judge Mehalchick recommends dismissal of any claims as they seek to challenge the BOP's decision under the CARES Act.

Although the court cannot review the petitioner's challenge to the BOP's decision under the CARES Act, Judge Mehalchick observed that the court may assess whether the BOP abused its discretion in relation to the denial of the petitioner's request under §2241. Judge Mehalchick noted that the court will review the BOP's decision for abuse of discretion in denying the petitioner's request for home confinement based on the petitioner's amount of time served. In considering the facts presented in the instant matter, Judge Mehalchick determined that the BOP denied the petitioner's request on the grounds that he had not reached 50% of time served. This is one of the conditions required for home confinement as per a memorandum regarding home confinement produced by the Department of Justice on May

8, 2020.[1] Because the BOP's determination that the petitioner was not a candidate for home confinement based on the amount of time he had served was in accordance with the memorandum, Judge Mehalchick found no abuse of discretion on the part of the BOP and recommends denial of the petition on this basis.

To the extent that the petitioner claims the BOP violated his rights through section 706 of the APA, Judge Mehalchick found, as the respondent argued, that decisions made under 18 U.S.C. §§3621-3624 are not subject to review under the APA. Title 18 U.S.C. §3625 provides that "[t]he provisions of section[ ] . . . 706 of title 5, United States Code [the APA], do[es] not apply to the making of any determination, decision, or order under [Subchapter C – Imprisonment, including §3621 and §3624]." (Doc. 21, p. 12). Judge Mehalchick found that a §2241 challenge to the BOP's discretionary determinations made pursuant to 18 U.S.C. §3621 would be inconsistent with the language of 18 U.S.C. §3625. As such, she determined that the court is not permitted to review the BOP's decision under Section 706 of the APA

---

[1] The memorandum provides that inmates who have "served 50% or more of their sentence, or have 18 months or less remaining on their sentence and have served 25% or more of their sentence" are given priority for home confinement, although the "factors are subject to deviation in certain circumstances." (Doc. 2-1, p. 4, Doc. 10-7, p. 11).

and, therefore, the petitioner's challenges under the APA should be dismissed on this basis.

As for the petitioner's constitutional claims, although the petitioner's claims may not be reviewable under the APA, Judge Mehalchick found that judicial review still remains available for claims that the BOP acted in violation of the Constitution or contrary to established federal law. While the petitioner claims that he is being deprived of a liberty interest without due process of law due to the BOP's denial of CARES Act release, Judge Mehalchick found that an inmate does not have a protectable liberty interest under the CARES Act regarding release on home confinement. As such, she recommends denial of this claim.

Finally, the petitioner contends that the BOP's failure to grant him home confinement violates the Equal Protection clause in that he is being treated differently than others who are similarly situated under a "class of one" theory. In support of his claim, the petitioner provided the names of two inmates, who were released to home confinement and had not met the time served requirement. However, neither of these inmates was confined at Lewisburg. Moreover, the petitioner presented no evidence as to how they were similarly situated to him. Finally, the petitioner failed to demonstrate a

discriminatory motive on the part of the BOP. As such, Judge Mehalchick determined that the petitioner's equal protection claim should be denied.

The court has reviewed the record as a whole and agrees with the reasoning that led Judge Mehalchick to her recommendations. Moreover, the court finds no clear error of record. As such, the report and recommendation will be adopted in its entirety as the opinion of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The report and recommendation of Judge Mehalchick **(Doc. 21)** is **ADOPTED IN ITS ENTIRETY** as the decision of the court.

**(2)** The petition for writ of habeas corpus **(Doc. 1)** is **DENIED** and **DISMISSED WITH PREJUDICE** as discussed in the report and recommendation and herein.

**(3)** The petitioner's motion for immediate action **(Doc. 16)** is **DISMISSED**.

**(4)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 30, 2021**
20-1389-01